IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHAWN TYRONE BANKS,                    )
                                       )
         Plaintiff,                    )
                                       )
VS.                                    )          No. 11-2470-JDT-dkv
                                       )
CORRECTIONS CORPORATION OF             )
AMERICA, ET AL.,                       )
                                       )
         Defendants.                   )

ORDER GRANTING MOTION TO DISMISS
AND
ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE CLAIM AGAINST
DEFENDANT SIMMONS SHOULD NOT BE DISMISSED

On June 9, 2011, Plaintiff Shawn Tyrone Banks, an inmate at the Federal Correctional

Institution in Memphis, Tennessee, filed a *pro se* complaint pursuant to Bivens v. Six

Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971) addressing his

previous confinement at the West Tennessee Detention Facility ("WTDF") in Mason,

Tennessee.  (Docket Entry 1.)  On January 17, 2012, the Court dismissed portions of the

complaint and directed that process be issued for Defendants Dietel, Flatt, Hill,

Middlebrooks,[1] Taylor, and Simmons.  (D.E. 11.)  On February 16, 2012, a motion to

_____

[1] Documents subsequently filed by the Defendants indicate that the correct last name of the individual sued
as "Millbrook" is Middlebrooks.  The Clerk is DIRECTED to modify the docket to reflect the correct spelling of that
Defendant's name.

dismiss[2] was filed on behalf of all the Defendants except Simmons.  (D.E. 15.)[3]  Pursuant to

Local Rule 12.1(b), Plaintiff's response was due on or before March 15, 2012.  However,

Plaintiff did not file a response and did not seek an extension of time in which to do so.

In evaluating a motion to dismiss for failure to state a claim, the Court must construe

the complaint in the light most favorable to the plaintiff and accept all factual allegations as

true.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  While the complaint "does not need

detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations

must be enough to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  The complaint must allege "enough facts to state a

claim to relief that is plausible on its face."  Id. at 570; see also Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation.").  In addition, "the tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions."  Iqbal, 129 S. Ct. at 1949.  However, the district court may consider

documents referred to in the complaint and attached as exhibits.  Amini v. Oberlin Coll., 259

F.3d 493, 502 (6th Cir. 2001).

---

[2] Defendants have designated their motion as a motion to dismiss for lack of subject matter jurisdiction. However, their argument is more appropriately deemed a motion to dismiss for failure to state a claim on which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

[3] Defendant Simmons is also a federal prisoner, Bureau of Prisons register number 23430-076.  He is currently incarcerated at the United States Penitentiary – Lee in Jonesville, Virginia.

In the order of partial dismissal, the Court summarized Plaintiff's factual allegations

against the Defendants:

> On February 25, 2011, Plaintiff had a court date and was taken to an area
> called "T-Seg," where inmates are prepared for transport to court.  [Inmate]
> Simmons was also present, and he was dressed in clothing indicating that he
> was assigned to segregation.  Simmons was not in restraints of any kind,
> contrary to policy.  Plaintiff was handcuffed and shackled and confined in a
> holding cell next door to the cell in which Simmons was being held.
> Defendants Dietel, Taylor, and Flatt were responsible for shackling inmates to
> transport them to court, and Defendants Hill and [Middlebrooks] were in the
> control booth.
>
> The door of Plaintiff's holding cell was not secured and, at some point,
> Simmons, who was not cuffed or shackled, rushed into Plaintiff's cell and
> attacked him, shouting "I'm going to kill you, you snitching bitch."  During
> the assault, Plaintiff hit his head on the wall and lost consciousness.  When he
> came to, Plaintiff was in the infirmary awaiting transportation to an outside
> hospital.  X-rays and a CT scan were negative, but the medical staff cautioned
> Plaintiff that he could have permanent nerve damage.  He was diagnosed with
> a cervical neck sprain and a concussion.

(D.E. 11 at 3-4 (footnote omitted).)  Plaintiff alleged that the Defendants "showed deliberate

indifference to [his] security needs by being negligent in their duties by not keeping a

segregation inmate shackled, by not locking the cell where Plaintiff was being held in T-seg,

by not keeping Plaintiff's co-defendant in full restraints as per policy." (D.E. 1 at 7-8.)  He

seeks money damages.  (Id. at 11.)

The Defendants contend that this case should be dismissed in accordance with the

United States Supreme Court's decision in Minneci v. Pollard, 132 S. Ct. 617 (2012).  In

Minneci, the prisoner plaintiff, Pollard, sought to bring a Bivens action against an employee

3

of a privately operated federal prison.  However, the Supreme Court declined to imply the

existence of a <u>Bivens</u> action where

> a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

<u>Id.</u> at 626.  The Court stated that where the defendant was privately employed, "state tort law

provides an alternative, existing process capable of protecting the constitutional interests at

stake.  The existence of that alternative here constitutes a convincing reason for the Judicial

Branch to refrain from providing a new and freestanding remedy in damages."  <u>Id.</u> at 623.

In this case, it is undisputed that Defendants Dietel, Flatt, Hill, Middlebrooks, and

Taylor are employees of the Corrections Corporation of America ("CCA"), a private

corporation that operates the WTDF, a federal prison.  Plaintiff's claim that the Defendants,

either deliberately or negligently, failed to keep Simmons shackled and failed to lock the cell

in which Plaintiff was held, resulting in Plaintiff being attacked and injured by Simmons, is

clearly governed by the decision in <u>Minneci</u> because it is the type of claim for which state

tort law provides an adequate alternative remedy.

Therefore, based on the holding and reasoning of <u>Minneci</u>, the Court finds that

Plaintiff's allegations against Defendants Dietel, Flatt, Hill, Middlebrooks, and Taylor fail

to state a claim upon which relief may be granted because the claim is against employees of

a private corporation, for which there is an adequate remedy under state tort law.  Therefore,

the Defendants' motion to dismiss is GRANTED.

On February 23, 2012, the Marshal filed a return on the summons issued for

Defendant Simmons, indicating that a counselor at the United States Penitentiary in Pollock,

Louisiana, where Simmons was then incarcerated, had served Simmons on February 18,

2012.  (D.E. 17.)  However, neither Simmons nor Plaintiff has taken any further action.

Therefore, Plaintiff is hereby ORDERED to show cause, within thirty (30) days after the date

of this order, why the claim against Simmons should not be dismissed for failure to

prosecute.  Failure to respond to this order in a timely manner will result in dismissal of the

claim without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE